afforded. The appeal is not equitably moot.

## II. Other Equitable Considerations

 While the doctrine of equitable mootness focuses on whether it is, for all practical purposes, impossible to award effective relief, other equitable considerations center on whether it would be unfair to grant the requested relief. Therefore, even if an appeal is not equitably moot, a court may still hold that the equities weigh in favor of dismissing the appeal. *See, e.g., In re Federated Dep't Stores, Inc.,* 44 F.3d 1310, 1320 (6th Cir.1995) (holding that even though the appeal was not moot because effective relief was possible, it was inequitable to require that the debtor's counsel disgorge fees and costs awarded by the bankruptcy court).

In the present case, there are numerous factors weighing in favor of holding that it would be inequitable to require Gibson, Dunn to disgorge the bankruptcy court's award of fees and expenses. As a preliminary matter, Gibson, Dunn at all times fully disclosed that Calof had acted as the Debtor's assistant secretary up until two weeks before the Debtor filed its bankruptcy petition. Calof was never involved in Gibson, Dunn's representation of the Debtor during the bankruptcy case. Furthermore, there was no showing nor even any allegation that Gibson, Dunn acted improperly while serving as the Debtor's counsel. To the contrary, all the evidence indicates that Gibson, Dunn performed its services superbly. The creditors' committee never objected to Gibson, Dunn acting as the Debtor's counsel, nor did it raise any issue of impropriety.

Another factor to be considered is the failure of the UST to seek a stay order. In *Roberts Farms,* we alternatively held that it would be "inequitable for this court to consider the merits of the appeal" because the appellant's failure to obtain a stay caused a "comprehensive change of circumstances." *Roberts Farms,* 652 F.2d at 798. In this case, Gibson, Dunn contin-

ued to act as the Debtor's counsel pursuant to the bankruptcy court's orders. If the UST had obtained a stay of any of those orders, Gibson, Dunn might have been prevented from serving or opted not to continue to serve as the Debtor's counsel. In fact, the latter is what the UST argues Gibson, Dunn should have done. When, instead, and in the face of the UST's objections, Gibson, Dunn continued to serve the Debtor as its counsel, the UST contends it did so at its peril.

The rule the UST would have us adopt would be harsh and would create a difficult ethical dilemma for counsel. It would require a law firm to abandon its client whenever the UST objected to its employment, even though that employment had the blessing of two orders of the bankruptcy court and a decision of the BAP, albeit a BAP decision that was vacated because the order appealed from was not then final. Interestingly, when the UST obtained a final order and appealed to the United States District Court, the result, from a practical standpoint, was the same as the result from the appeal to the BAP.

Having considered all of the circumstances, we conclude the district court did not err by dismissing the UST's appeal on the ground that it would be inequitable to require Gibson, Dunn to disgorge the attorney fees and costs it has been paid.

AFFIRMED.

Katie **JOHN; Doris Charles; Mentasta Village Council; Alaska Federation Of Natives, Plaintiffs–Appellees,**

v.

**UNITED STATES of America; Bruce Babbitt, in his official capacity as Secretary of Interior; Daniel Glickman, in his official capacity as Secre-**

tary of Agriculture; and Daniel Demientieff, Niles Cesar, Fran Cherry, Robert Barbee, Dave Allen, and Rick Cables, in their capacities as members of the Federal Subsistence Board, Defendants–Appellees,

and

State of Alaska and Frank Rue, in his capacity as Commissioner of the Alaska Department of Fish and Game, Defendants–Appellants.

No. 00–35121.

United States Court of Appeals, Ninth Circuit.

July 14, 2000.

Before: HUG, Chief Judge.

### ORDER

Upon the vote of a majority of nonrecused regular active judges of this court,[1] it is ordered that this case be heard by the en banc court pursuant to Circuit Rule 35–3.

**TOSCO CORPORATION, a Nevada corporation, Plaintiff–Appellee,**

v.

**KOCH INDUSTRIES, INC., as successor to Rock Island Oil & Refining Co., Inc., a Kansas corporation, Defendant–Appellant,**

Sun Company, Inc., (R&M), a Pennsylvania, corporation; Alpha Oil Company, an Oklahoma corporation; Resource Recovery Company; Energy Realty International, Defendants.

No. 98–6209.

United States Court of Appeals, Tenth Circuit.

May 26, 2000.

---

1. Judge Fisher was recused.